FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 OCT 24 PM 2: 37

CLERK
SO. DIST. OF GA.

# United States District Court
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA
V.

JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)

Richard E. Ellingson
aka Richard E. Ellington

Case Number: CR603-00016-001

USM Number: 08996-002

James B. Franklin
Defendant's Attorney

**THE DEFENDANT:**

[X] admitted guilt to violation of <u>standard and mandatory conditions</u> of the term of supervision.
[ ] was found in violation of condition(s) _ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | The defendant failed to report to the probation officer as directed by the Court or probation officer (standard condition). | March 31, 2006 |

See Page 2 for Additional Violations

The defendant is sentenced as provided in pages 2 through _8_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s)___ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No: 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

Defendant's Date of Birth: February 26, 1956

October 23, 2007
Date of Imposition of Judgment

Signature of Judge

Defendant's Residence Address:
Bureau of Prisons

B. Avant Edenfield
United States District Judge
For the Southern District of Georgia
Name and Title of Judge

Defendant's Mailing Address:
Bureau of Prisons

10-24-07
Date

DEFENDANT: Richard E. Ellingson, aka Richard E. Ellington
CASE NUMBER: CR603-00016-001

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 2 | The defendant failed to notify the probation officer ten days prior to a change in residence and employment (standard condition). | March 3, 2006 |
| 3 | The defendant failed to pay a monthly minimum of 10% of his gross monthly income toward his restitution obligation (mandatory condition). | March 31, 2006 |

DEFENDANT: Richard E. Ellingson, aka Richard E. Ellington
CASE NUMBER: CR603-00016-001

DEFENDANT: Richard E. Ellingson, aka Richard E. Ellington
CASE NUMBER: CR603-00016-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: __24 months__ .

[ ]     The Court makes the following recommendations to the Bureau of Prisons:


[X]     The defendant is remanded to the custody of the United States Marshal.
[ ]     The defendant shall surrender to the United States Marshal for this district,

      [ ] at ___ [ ] a.m. [ ] p.m. on _____.
      [ ] as notified by the United States Marshal.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      [ ] before 2 p.m. on _____.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____


Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.


_____
United States Marshal

By _____
Deputy United States Marshal

DEFENDANT: Richard E. Ellingson, aka Richard E. Ellington
CASE NUMBER: CR603-00016-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>12 months</u> .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]      The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X]      The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[X]      The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]      The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]      The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and
14) Any possession, use, or attempted use of any device to impede or evade drug testing shall be a violation of supervised release.

DEFENDANT: Richard E. Ellingson, aka Richard E. Ellington
CASE NUMBER: CR603-00016-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing for drug and alcohol abuse and, if the Court determines it is necessary, the defendant shall participate in a program of treatment for drug and alcohol abuse.

2. The defendant shall complete 200 hours of community service during the first 10 months of supervised release as directed by the probation officer.

3. The defendant shall provide the probation officer with access to any requested financial information. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

4. Jurisdiction of this case shall not be transferred.

## ACKNOWLEDGMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed) _____     _____
         Defendant                            Date


         _____     _____
         U. S. Probation Officer/Designated Witness     Date

DEFENDANT: Richard E. Ellingson, aka Richard E. Ellington
CASE NUMBER: CR603-00016-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** |  |  | $47,339.84 |

[ ] The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

[X] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Southern Motors<br>RE: 2003 Acura MDX<br>(VIN #2HNYD18683H505817)<br>402 East Broughton Street<br>Savannah, Georgia 31401 |  | $41,339.84 |  |
| Pineland State Bank<br>Attn: Pat Durden, Senior V.P.<br>RE: Loan #29096<br>P.O. Box 178<br>Metter, Georgia 30439 |  | $6,000.00 |  |
| **Totals:** |  | $47,339.84 |  |

[ ]   Restitution amount ordered pursuant to plea agreement   $ _____

[ ]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

[X]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [X]   The interest requirement is waived for the   [ ] fine   [X] restitution.
  [ ]   The interest requirement for the   [ ] fine   [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Richard E. Ellingson, aka Richard E. Ellington
CASE NUMBER: CR603-00016-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [ ]  Lump sum payment of $ __ due immediately, balance due

    [ ] not later than ___; or
    [ ] in accordance with    [ ] C,  [ ] D,   [ ] E, or   [ ] F below; or

B [X]  Payment to begin immediately (may be combined with   [ ] C,   [ ] D, or   [X] F below); or

C [ ]  Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $__ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ]  Payment in equal ___ (e.g., weekly, monthly, quarterly) installments of $__ over a period of ___ (e.g., months or years), to commence ___ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ]  Payment during the term of supervised release will commence within __ (eg., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [X]  Special instructions regarding the payment of criminal monetary penalties:
The defendant shall pay a monthly minimum of 10% of his gross monthly income toward his restitution obligation.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.
The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]  Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Richard E. Ellingson, aka Richard E. Ellington
CASE NUMBER: CR603-00016-001

## COURT'S FINDINGS

On November 24, 2004, Richard Ellingson was sentenced by the Court for the offense of bank fraud. The Court sentenced the offender to twenty-one months imprisonment, followed by a five-year term of supervised release. The Court imposed a $100 special assessment and ordered restitution in the amount of $47,339.84. Special conditions of supervised release included 200 hours community service, alcohol and/or drug testing and/or treatment, prohibition against opening additional lines of credit and financial disclosure. The Court especially notes that the bank fraud offense involved very unique circumstances. On October 20, 2005, Ellingson was released from the custody of the United States Bureau of Prisons and his five-year term of supervised release commenced.

Richard Ellingson, represented by counsel, has stipulated that he has violated the terms and conditions of supervised release by failing to report to the probation officer, failing to notify the probation officer of changes in employment and residence, and by failing to make monthly payments on his restitution obligation. The Court notes that the offender has failed to report since March 2006. Ellingson left the United States of America, fleeing to Mexico. Ellingson was found by the Mexican federal authorities, and was expelled from that country.

The Court has reviewed the offender's criminal history and notes that the offender has used a number of aliases, dates of birth, and Social Security numbers in his schemes to defraud others. Ellingson has a lengthy criminal history of many theft and fraud offenses, including burglary, grand larceny, criminal impersonation, bail jumping and grand theft. In addition, the offender was convicted on December 9, 1993, in the United States District Court in Montgomery, Alabama, for threats against the President of the United States of America. Ellingson was sentenced to thirty-five months custody, to be followed by a three-year term of supervised release. The offender's term of supervised release imposed by the Federal Court in Alabama was revoked in part due to the offender's failure to report to the United States Probation Office after serving his period of confinement, and for the offender's leaving the judicial district without obtaining permission.

In conclusion, the Court believes that Richard E. Ellingson possesses very few positive characteristics that argue for leniency in sentencing. The offender has preyed upon many victims, regardless of the victim's station in life. The offender has demonstrated by his actions a complete disregard for any court's sentence. While the offender has difficulty in obtaining employment given his criminal past, it is a problem of the offender's own making.

However, the Court does wish to give credit for Ellingson's stipulation to the violations outlined in the petition for revocation. Therefore, the Court, after considering the Chapter Seven Policy Statements and recommendations regarding a sentence, revokes the offender's term of supervised release and orders that he be sentenced to a term of twenty-four months imprisonment. The Court orders a twelve-month term of reimposed supervised release following Ellingson's release from custody, with all previously imposed terms, conditions, and special conditions remaining in full force and effect.